IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

OCIE HOSKINS, # 75124                                                                                              PLAINTIFF

VERSUS                                                                          CIVIL ACTION NO. 2:12cv115-KS-MTP

CANDIS JOHNSON, CHRISTOPHER B.
EPPS, RONALD KING, THOMAS
RUSHING, and BETH HILLMAN                                                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Ocie Hoskins's pleadings. He is incarcerated with the Mississippi Department of Corrections and brings this action alleging breach of a settlement agreement. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed for lack of subject matter jurisdiction.

### BACKGROUND

On August 19, 2011, Hoskins settled four Section 1983 cases before the undersigned. The Agreed Order of Dismissal, entered in each case, stated in full:

> The Parties are presently before this Court, following the proceedings of an Omnibus Hearing, held on August 2, 2011 [minute entry] [sic]. The parties inform the Court that they have reached reasonable resolution in the following cases: **2:10cv155-KS-MTP, 2:11cv40-KS-MTP, 2:11cv74-KS-MTP, and 2:11cv80-KS-MTP.** The Parties make an *ore tenus* motion to dismiss these cases.
> IT IS THEREFORE, ORDERED that these cases are hereby dismissed with prejudice.

*Hoskins v. Epps*, No. 2:10cv155-KS-MTP (S.D. Miss. Aug. 19, 2011); *Hoskins v. Lew*, No. 2:11cv40-KS-MTP (S.D. Miss. Aug. 19, 2011); *Hoskins v. Epps*, No. 2:11cv74-KS-MTP (S.D. Miss. Aug. 19, 2011); and *Hoskins v. Epps*, No. 2:11cv80-KS-MTP (S.D. Miss. Aug. 19, 2011).

The order was signed by the undersigned, the Magistrate Judge, Hoskins, and counsel for

Defendants. The Settlement Agreement, signed by the parties on August 8, was filed on the same day as the Agreed Order of Dismissal.

On July 5, 2012, Hoskins initiated the instant lawsuit claiming Defendants breached the Settlement Agreement. He seeks damages and enforcement of the agreement.

## DISCUSSION

In order to maintain this action for breach of the settlement agreement, there must be some independent basis for jurisdiction. *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994). The mere fact that the agreement arose out of prior federal court litigation will not suffice to provide subject matter jurisdiction over an independent action for breach of contract. *Id.* If there is no federal question or diversity jurisdiction over the breach of contract action, the court may only exercise subject matter jurisdiction if (1) the court incorporated the terms of the settlement agreement in its prior dismissal or (2) the court retained jurisdiction. *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-81 (1994)).

First, there is no diversity jurisdiction in this case. Hoskins admits he is a Mississippi resident, and he does not claim Defendants are non-Mississippi residents. The Court takes judicial notice that Defendant Christopher B. Epps, the Commissioner of the Mississippi Department of Corrections, is a Mississippi resident.

Next, Hoskins was given an opportunity to state a federal cause of action. He was asked how the breach violated his constitutional rights. He responded, "What I[']m trying to say to this court I[']m refil[ing] my lawsuit. . . . In this case the gree ment [sic] was I will be rehouse[d] at CMCF G Bulid [sic]. . . . It was a order by this Court that is how my constitution[al] right was

violat[ed]." (Dkt. 14 at 1).  He does not assert an independent federal claim over the breach of contract.  Rather, he invokes ancillary jurisdiction, because he states that Defendants' alleged breach of the court's prior order of dismissal violated his rights under the order.  Therefore, there is no federal question jurisdiction over this breach of contract case.

Finally, the Court examines its ancillary jurisdiction, which Hoskins invokes.  This requires the Court to examine the Agreed Order of Dismissal for incorporation of the agreement or retention of jurisdiction.  As shown above, the prior Agreed Order of Dismissal did not retain jurisdiction over the settlement agreement.  Therefore, the Court must determine the issue of incorporation.

In order "to make a settlement agreement part of a dismissal order by incorporation, *Kokkonen* requires a district court to clearly indicate its intention within the dismissal order itself by expressly incorporating the agreement's terms." *Hospitality House*, 298 F.3d at 431.  The court's "awareness and approval" of the settlement agreement does "not suffice to make [it] a part of [the] order." *Kokkonen*, 511 U.S. at 381.  For example, *Hospitality House* held that even if a dismissal order attaches the settlement agreement as an exhibit, this is not enough to indicate the district court's intention to incorporate the agreement into the order. *Hospitality House*, 298 F.3d at 431.  Rather, the body of the order must expressly incorporate the agreement's terms. *Id.*  As set forth previously, the body of the Agreed Order of Dismissal did not expressly incorporate the agreement's terms.  At most, the order merely reflects the Court's awareness that the matter was settled.  According to the Supreme Court, this is insufficient to support ancillary jurisdiction.  Because the Court lacks subject matter jurisdiction over this breach of contract case, it is dismissed without prejudice.

To the extent that Hoskins seeks to reopen the original actions that were settled and either enforce the settlement agreement or relitigate the original cases, the Court notes Hoskins has already so moved within two of those cases.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED**, this the 6th day of September, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE